UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DEPOMED, INC.,<br><br>Defendant. | Case No. 19-cv-00255-HSG<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 57, 85, 90 |

Pending before the Court are the parties' administrative motions to file under seal documents filed in connection with Plaintiff Navigator Specialty Insurance Company's opposition to Defendant Depomed, Inc.'s motion for partial judgment on the pleadings, as well as the parties' respective motions for summary judgment. Dkt. Nos. 57, 85, 90. For the reasons detailed below, the Court **GRANTS** the administrative motions to seal.

### I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal with documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."

*Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

Because the parties seek to seal portions and documents which pertain to Plaintiff's motion for partial judgment on the pleadings and the parties' motions for summary judgment, the Court applies the compelling reasons standard.

*First*, Plaintiff filed a motion to file under seal certain exhibits filed in opposition to the

2

motion for partial judgment on the pleadings and portions of the opposition brief and declaration that reference these exhibits. Dkt. No. 57. The parties also filed motions to file under seal certain exhibits filed in support of their motions for summary judgment, as well as portions of the brief and declarations that reference these exhibits. *See* Dkt. Nos. 85, 90. Defendant filed declarations in support of the motions to seal, explaining that the documents contain confidential communications to their insurers as well as subpoenas related to its defense in the underlying opioid litigation cases challenging Defendant's sales and marketing of opioid products, which remain ongoing. *See* Dkt. Nos. 61, 86-1, 92. The Court finds that revealing the contents of these documents would prejudice Defendant's defense in this pending or threatened litigation. *See, e.g.*, *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 909–10 (Cal. 1994), *as modified* (June 30, 1994) (identifying several risks of prejudice, including that the insurer could "join forces with the plaintiffs in the underlying actions as a means to defeat coverage" and that the insured would then have "to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers").

*Second*, the parties seek to file under seal exhibits that they each filed in support of their respective motions for summary judgment, which contain confidential information relating to their business operations. *See* Dkt. Nos. 85, 90. The unredacted information contains information disclosing confidential investigation and evaluations of risk related to Defendant's insurance policy and related negotiations, as well as sales and pricing information related to Defendant's products. *See, e.g.*, Dkt. Nos. 86-1, 88, 90-1. According to the parties, public disclosure of such information would cause severe harm to them, as competitors could use the information to their disadvantage. *See id*. The Court finds that these requests therefore fall within the class of materials that may be filed under seal and are narrowly tailored. *See, e.g.*, *Google Inc. v. Eolas Techs. Inc.*, No. 15-CV-05446-JST, 2016 WL 9243337, at *2 (N.D. Cal. Mar. 22, 2016) *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014); *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

**III. CONCLUSION**

The Court therefore **GRANTS** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 11/25/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge